UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, APPALACHIAN VOICES,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, THOMAS D. SHOPE, in his official capacity as Regional Director, Interior Regions 1&2, exercising the delegated authority of the Director of the Office of Surface Mining Reclamation and Enforcement, UNITED STATES FISH AND WILDLIFE SERVICE, DOUG BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior, and BRIAN NESVIK in his official capacity as Director of the U.S. Fish and Wildlife Service,<br><br>Defendants. | Civil Action No. 1:23-cv-03343 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO MODIFY SUMMARY JUDGMENT BRIEFING SCHEDULE**

Defendants are ready to proceed with summary judgment and bring this case to its conclusion after nearly two years. ECF 36. Plaintiffs, however, are not interested in prosecuting their claims on a timely basis. Plaintiffs not only oppose setting a fixed briefing schedule for summary judgment, they now make their own request to amend the briefing schedule to delay resolution of this case *even further*. ECF 38 at 5-6. The Court should set this case on a course for orderly conclusion by adopting Defendants' proposed briefing schedule, which is supported by the applicable authorities and reasonable under the circumstances of this case.

## Discussion

I. **Defendants' Proposed Schedule Is Supported by the Applicable Authorities and the Circumstances of this Case**

The Supreme Court has considered "the power of a court to stay proceedings in one suit until the decision of another." *See Landis v. N. Am. Co.*, 299 U.S. 248, 249 (1936). While Plaintiffs would have Defendants bear the burden here of proving why the case should *not* remained stayed, *Landis* establishes that it is the proponent of the stay who "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. at 255; *see also id*. at 256 ("the burden of making out the justice and wisdom of a departure from the beaten track lay heavily on the petitioners, suppliants for relief"). Indeed, it is Plaintiffs who bear the burden to diligently prosecute their action. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); Fed. R. Civ. P. 41(b). Ultimately, *Landis* instructs that a trial court should not issue "a stay of indefinite duration in the absence of a pressing need," and that any delay that results should be "not immoderate in extent and not oppressive in its consequences." 299 U.S. at 255-56. This standard requires the courts to "weigh competing interests and maintain an even balance." *Id*.

Plaintiffs cannot show the stay of summary judgment briefing here is necessitated by a "pressing need." Nor can they show that adopting Defendants' proposed schedule will cause them hardship or inequity. Plaintiffs have had nearly two years to prepare for summary judgment since they began this lawsuit on November 8, 2023. This includes more than a year to review the agencies' administrative records. Plaintiffs were afforded a full opportunity to test the adequacy of those records before this Court, which upheld them on May 27, 2025. ECF 34.

Plaintiffs should be ready to proceed given the age of this action and the fact that they could have been required to move for summary judgment weeks ago. The Court initially

2

required Plaintiffs to move for summary judgment by June 30, 2025 (*see* 5/29/2025 Minute Order), and the current schedule has required them to be ready to move since as early as July 4, which is 21 days from when the Court first adopted the abeyance on June 13. Plaintiffs admit "the abeyance is expected to be short." ECF 38 at 4. It is set to end when the D.C. Circuit decides *Ctr. for Biological Diversity v. Environmental Protection Agency*, No. 24-5101 (the "Florida 404 case"), and that has been expected to occur by the end of August 2025 under that court's typical practice. The current schedule here requires Plaintiffs to move for summary judgment within 21 days of the D.C. Circuit's decision. Presently, Plaintiffs would be required to move as early as September 5 if the D.C. Circuit were to rule on the date of this filing (August 15). Defendants' proposed filing date of August 27 is just 10 days sooner. Plaintiffs have been on notice of Defendants' proposed schedule since July 30 (28 days prior to August 27).[1]

In short, Defendants' proposed schedule is not a radical departure from the current schedule. August 27 is a *later* deadline than the current schedule would have yielded had the D.C. Circuit ruled between when the abeyance took effect on June 13 and August 5. Even if the D.C. Circuit was to rule on the last business day of August, Plaintiffs' motion would be due just 23 days after August 27 (by September 19). While the disparity between Defendants' schedule and the current schedule will grow the longer the D.C. Circuit takes to rule, that is by design to provide expeditious dates and prevent undue delay if the D.C. Circuit does not rule by the end of August as expected. Defendants' schedule preserves the briefing intervals in the current schedule, with one minor exception of an additional week for Defendants' reply brief. *Compare* 6/13/2025 Minute Order *with* ECF 36 at 3.

---

[1] Plaintiffs assert that Defendants did not attempt to confer with Plaintiffs about a "suitable schedule." ECF 38 at 4. Undersigned counsel for Defendants did, in fact, confer with counsel for Plaintiffs – by telephone and by email – on July 30, 2025 before filing Defendants' motion to amend the summary judgment briefing schedule.

3

Plaintiffs' sole justification for continuing the stay is that it could prevent the need for supplemental briefing regarding the Florida 404 case. But Plaintiffs ignore the countervailing interest of "prevent[ing] undue delays in the disposition of pending cases and [] avoid[ing] congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–31. Further, while Plaintiffs may heavily weigh the relevance of the Florida 404 case, Defendants never endorsed or joined Plaintiffs' position that this case could not proceed until the D.C. Circuit decides that case. ECF 35 at 1 (Defendants "do not join in Plaintiffs' characterization of the facts and law in this particular case or those in *Center for Biological Diversity v. EPA*, Case No. 24-5101, or in Plaintiffs' characterization of the hearing that occurred before the D.C. Circuit in the latter case"). In fact, Defendants have noted that the opinion is not likely to be dispositive of the issues raised here, and post-decision motions for rehearing or rehearing en banc in the Florida 404 case, or even petitions for certiorari to the Supreme Court, could undermine any value of the opinion to these proceedings. *See* ECF 36 at 2-3.

Moreover, supplemental briefing will be unnecessary under Defendants' proposed schedule as long as the Florida 404 decision is issued by the end of September 2025.[2] As noted above, this can be expected under the D.C. Circuit's typical practice, which would be to issue a decision by the end of August 2025. If the D.C. Circuit has not ruled by October 1, 2025, then there is no telling when the ruling will come and the stay threatens to be unduly prolonged. To continue the stay at such a point – beyond four months, with no finite end point, over Defendants' objection, and in the absence of a requisite "pressing need" – would be contrary to law. *See Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (stay of

---

[2] Under Defendants' proposed schedule, Plaintiffs' opposition and reply would be October 1, 2025, and Defendants' reply would be due October 15, 2025.

4

litigation pending resolution of the parties' separate case before the Belize Supreme Court was "sufficiently indefinite to require a finding of pressing need under *Landis*"). Indeed, a continued stay under such circumstances would frustrate this Administration's policies and priorities[3] and contradict the first rule of civil procedure, which instructs courts to "secure the just, *speedy*, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

## II.    Defendants Are Entitled to Request a New Summary Judgment Briefing Schedule

Plaintiffs oppose Defendants' proposed summary judgment briefing schedule largely because Defendants previously consented to stay that briefing. ECF 38. Of course, the stay was always meant to be lifted. Surely, Defendants have the right to move to lift the stay, and they have provided good reasons to do so. Plaintiffs demonstrate as much by examining Defendants' comments on Plaintiffs' initial proposed stay motion. ECF 38-1. Those comments were submitted before Defendants changed their position and thus add nothing to the discussion here. Likewise, Plaintiffs speculate that Defendants conjured one of the grounds for listing the stay—new leadership within the Department of Interior. ECF 38 at n.2. But the Department of Interior's leadership team is larger than just the Secretary of the Interior. Plaintiffs' argument thus shows a basic lack of awareness of the staffing, organizational structure, and internal deliberations within the Department of the Interior; it does not call into question Defendants' reasons for moving to impose a fixed schedule in this case.

Defendants have appropriately moved to set a fixed schedule, and this Court plainly has the authority to enter a new summary judgment briefing schedule where the prior uncontested

---

[3] *See* Executive Order 14156, Declaring a National Energy Emergency (90 Fed. Reg. 8433); Executive Order 14261, Reinvigorating America's Beautiful Clean Coal Industry and Amending Executive Order 14241 (90 Fed. Reg. 15517); Secretary's Order 3418, Unleashing American Energy, available at https://www.doi.gov/document-library/secretary-order/so-3418-unleashing-american-energy.

5

stay is now contested and where there is no "pressing need" to prolong the stay further. *Landis*, 299 U.S. at 255-56. As such, the Court should reject Plaintiffs' attempt to justify a stay for no other reason than that Defendants agreed to it two months ago.

### III. The Court Should Deny Plaintiffs' Request to Vacate the Current Summary Judgment Briefing Schedule

Not only do Plaintiffs oppose Defendants' proposed briefing schedule, they now want to delay the resolution of this case even beyond the D.C. Circuit's decision in the Florida 404 case. ECF 5-6. They ask the Court to vacate the existing briefing schedule[4] and replace it with a requirement that "the parties must meet and confer to jointly propose a revised briefing schedule for dispositive motions within fourteen days of the issuance of the decision in the Florida 404 case." ECF 38 at 4. In other words, Plaintiffs want a schedule that is even *less* expeditious than the present one. Plaintiffs are wrong to assert that this "will allow the parties to generate a briefing schedule that works for all parties," as their proposal flatly contradicts the briefing schedule that Defendants have proposed through their motion (ECF 36). In the alternative, Plaintiffs ask the Court to more than double the current briefing schedule intervals to allow them 45 days instead of 21 days to file their opening summary judgment brief after the D.C. Circuit decides the Florida 404 case, and 60 days instead of 14 days to file their responsive brief. ECF 38 at 6. For the same reasons that this Court should lift the stay of summary judgment briefing, it should deny Plaintiffs' request to delay resolution of this matter, which is now approaching its

---

[4] The existing schedule requires Plaintiffs to move for summary judgment within 21 days of the D.C. Circuit's decision; Defendants to file their opposition and cross-motion for summary judgment within 42 days of the decision Plaintiffs to file their reply in support of their motion for summary judgment and their opposition to the cross-motion for summary judgment within 56 days of the decision; and Defendants to file their reply in support of their cross-motion for summary judgment within 63 days of the decision. 6/13/2025 Minute Order.

6

second year.  The Court should require Plaintiffs to diligently prosecute their claims.  Fed. R. Civ. P. 1, 41(b); *Link*, 370 U.S. at 629.

## Conclusion

For all the reasons above and in Defendants' motion to amend the summary judgment scheduling order (ECF 36), the Court should adopt Defendants' proposed summary judgment briefing schedule.  Plaintiffs' previously unopposed stay request is now opposed, and there is no requisite "pressing need" to hold summary judgment briefing in abeyance over Defendants' objection.  Defendants have proposed a reasonable schedule that maintains consistency with the current schedule and the applicable authorities while guarding against the potential that a stay tied to a decision in the Florida 404 case will delay the prompt and efficient resolution of this case.  Plaintiffs should not be prejudiced by adopting Defendants' proposed schedule, as they have had nearly two years to prepare for summary judgment briefing.  The Court should deny Plaintiffs' proposed amendment of the schedule, which is unjustified and would further delay the resolution of this case.

Dated: August 15, 2025

        Respectfully submitted,

        ADAM R.F. GUSTAFSON
        Acting Assistant Attorney General
        U.S. Department of Justice
        Environment & Natural Resources Division

        /s/ *Robert P. Williams*
        ROBERT P. WILLIAMS
        Sr. Trial Attorney (SBN 474730 (DC))
        Wildlife & Marine Resources Section
        Ben Franklin Station, P.O. Box 7611
        Washington, D.C. 20044
        robert.p.williams@usdoj.gov | (202) 532-3101

        ***Attorneys for Defendants***