# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, APPALACHIAN VOICES,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, LANNY E. ERDOS, in his official capacity as Director of the Office of Surface Mining Reclamation and Enforcement, UNITED STATES FISH AND WILDLIFE SERVICE, DOUG BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior, and BRIAN NESVICK, in his official capacity as Director of the U.S. Fish and Wildlife Service,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:23-cv-03343<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO STRIKE
### PLAINTIFFS' EXTRA RECORD DECLARATIONS AND EXHIBITS

**Table of Contents**

**Page**

I.    Introduction................................................................................................................................1

II.   Standard of Review..................................................................................................................3

III.  Argument..................................................................................................................................4

   A.   There Is No Basis for Adding Plaintiffs' Extra-Record Declarations and Exhibits to the Administrative Records.................................................................................................4

   B.   There is No Basis for Otherwise Considering Plaintiffs' Extra-Record Declarations and Exhibits Outside of the Administrative Records..........................................................5

      1.   Plaintiffs' Claims Are Not Subject to *De Novo* Review........................................5

         a.   This Court Has Already Ruled that Plaintiffs' Failure to Act Claims Are Not Subject to *De Novo* Review........................................................................5

         b.   The D.C. Circuit Has Ruled that ESA Citizen Suit Claims Are Not Subject to *De Novo* Review ..............................................................................................7

      2.   Plaintiffs' Extra-Record Materials Would Not Be Admissible Under the Federal Rules of Evidence ...............................................................................................12

         a.   Dodson Declaration (ECF 42-2) and Exhibits (ECF 42-3, 42-4, and 42-5)...........12

         b.   Curry Declaration (ECF 42-6) and Exhibit A (ECF 42-6 at 13-17) ......................15

         c.   Thoma Declaration (ECF 42-7) ................................................................................17

         d.   Young Declaration (ECF 42-8) ................................................................................18

         e.   Sneed Declaration (ECF 42-9) .................................................................................19

         f.   Hepler Declaration (ECF 42-10) and Exhibits (ECF 42-10 at 4-6)........................20

      3.   Plaintiffs' Extra-Record Exhibits Are Not Subject to Judicial Notice ............................20

IV.  Conclusion................................................................................................................................21

## Table of Authorities

**Cases**                                                                                     **Page(s)**

*350 Mont. v. Berhnhardt*, 433 F. Supp. 3d 1185 (D. Mont. 2020) ................................................................11

*Bennett v. Spear*, 520 U.S. 154 (1997) ................................................................................................7

\*Cabinet Mountains Wilderness v. Peterson*, 685 F.2d 678 (1982) ................................................passim

*Camp v. Pitts*, 411 U.S. 138 (1973) ................................................................................................ 4, 9, 12

*Chandler v. District of Columbia*,
    No. 08–1158 (HHK/JMF), 2009 WL 8725113 (D.D.C. Sept. 3, 2009) ...............................4, 5, 16, 21

*Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*,
    No. 22-CV-0035 (CRC), 2024 WL 2110141 (D.D.C. May 10, 2024) ..............................................4

*Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402 (1971) ..............................................................4, 9

*City of Santa Clarita v. U.S. Dep't of Interior*,
    No. CV02-00697 DT FMOX, 2006 WL 4743970 (C.D. Cal. Jan. 30, 2006) ...................................6

*Consolo v. FMC*, 383 U.S. 607 (1966) ................................................................................................8

*Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38 (D.D.C. 2018) ..........................................10

\*Ctr. for Biological Diversity v. U.S. Off. of Surface Mining Reclamation & Enf't*,
    No. CV 23 - 3343 (SLS), 2025 WL 1503802 (D.D.C. May 27, 2025) ....................................passim

\*Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535 (D.D.C. 2021) ............................................5

*Defs. of Wildlife v. Flowers*, 414 F.3d 1066 (9th Cir. 2005) ............................................................6

*Delta Air Lines, Inc. v. Exp.-Imp. Bank of United States*, 85 F. Supp. 3d 387 (D.D.C. 2015) .............15, 18

*Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15 (D.D.C. 2013) .....................................20, 21

\*Envt'l Def. Fund v. Costle*, 657 F.2d 275 (D.C. Cir. 1981) .............................................................2, 3

*Esch v. Yeutter*, 876 F.2d 976 (D.C. Cir. 1989) ...............................................................................21

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) ..................................................................4, 9

*Greater Yellowstone Coal. v. Kempthorne*,
    No. 07–CV–2111, 2008 WL 11398908 (D.D.C. May 23, 2008) .......................................................16

*Kappos v. Hyatt*, 132 S. Ct. 1690 (2012) ...................................................................................7

*Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012) ..............................11

*Marcum v. Salazar*, 751 F. Supp. 2d 74 (D.D.C. 2010)...........................................................3

*Marsh v. Or. Nat. Res. Council*, 490 U.S. 360 (1989)......................................................15, 18

*Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221 (D.C. Cir. 1993)......................3

*Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687 (5th Cir. 2010)......10

*Nationwide Bldg. Maint. v. Sampson*, 559 F.2d 704 (D.C. Cir. 1977)...................................16

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644 (2007) ...............................17

*Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150 (D.D.C. 2012) ...............................passim

*Newton Cnty. Wildlife Ass'n v. Rogers*, 141 F.3d 803 (8th Cir. 1998) ..................................11

*Norris & Hirshberg v. SEC*, 163 F.2d 689 (D.D.C. 1947)......................................................16

*\*Oceana v. Ross*, 920 F.3d 855 (D.C. Cir. 2019)..............................................................2, 16

*Pac. Rivers Council v. Shepard*, No. 03:11-CV-442-HU, 2012 WL 950032 (D. Or. Mar. 20, 2012) .........11

*Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1 (D.D.C. 2006) ........3

*Pepper v. United States*, 562 U.S. 476 (2011)........................................................................6

*Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096 (10th Cir. 2010) .........10, 11

*San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581 (9th Cir. 2014).............11, 12

*San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971 (9th Cir. 2014)..............11, 12

*Sierra Club v. McLerran*, No. C11-1759RSL, 2012 WL 5449681 (W.D. Wash. Nov. 6, 2012) ...............11

*\*Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158 (D.D.C. 2014) ......................20, 21

*TOMAC v. Norton*, 193 F. Supp. 2d 182 (D.D.C. 2002)........................................................16

*United States v. Carlo Bianchi & Co.*, 373 U.S. 709 (1963)....................................................8

*United States v. Easterday*, 564 F.3d 1004 (9th Cir. 2009) ...................................................11

*United States v. Morgan*, 304 U.S. 1 (1938) ........................................................................17

iv

*Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788 (D.C. Cir. 1984) ................................................ 3, 9

*Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011) ....................................................10

**Statutes**

5 U.S.C. § 551(13) ....................................................................................................................9

5 U.S.C. § 559 ...........................................................................................................................9

5 U.S.C. § 706 ..................................................................................................................passim

5 U.S.C. § 706(1) ......................................................................................................................8

5 U.S.C. § 706(2)(A)..................................................................................................................8

**Rules**

Fed. R. Evid. 201 ...................................................................................................................20

Fed. R. Evid. 402 .............................................................................................................passim

Fed. R. Evid. 701 .............................................................................................................passim

Fed. R. Evid. 702 ..........................................................................................................15, 18, 19

Fed. R. Evid. 802 ................................................................................................................ 2, 12

D.D.C. LCvR 7(e) ...........................................................................................................passim

D.D.C. LCvR 7(h)(2)................................................................................................................3

Comment to D.D.C. LCvR 7(h) ...............................................................................................3

**Regulations**

50 C.F.R. 402.16(a) ...................................................................................................................7

**Federal Register**

51 Fed. Reg. 19926 (June 3, 1986)......................................................................................... 6, 7

84 Fed. Reg. 44976 (Aug. 27, 2019) ..........................................................................................7

**Legislative Materials**

H.R. Rep. No. 93-740 (1973), *as reprinted in* 1973 U.S.C.C.A.N. 3001 .........................................9

## I.    Introduction

Contrary to the Court's denial of their motion to complete and supplement the Office of Surface Mining Reclamation and Enforcement's ("OSM") administrative record, controlling D.C. Circuit authority, the Administrative Procedure Act ("APA"), and the page limitations of this Court's Local Rule 7(e), and nearly five months after the deadline to seek supplementation of the administrative record has passed (ECF 24), Plaintiffs have submitted six extra-record declarations and multiple extra-record exhibits with their motion for summary judgment. ECF 42-2 to 42-10. Plaintiffs rely extensively on these improper extra-record materials to challenge the wisdom of the challenged agency actions and inactions. ECF 42-1 at 6, 11, 14, 31-34.

The Court should strike the extra-record exhibits and all testimony proffered in the declarations that is not limited to Plaintiffs' standing, as well as the related argument from Plaintiffs' motion for summary judgment. Plaintiffs' contention that Endangered Species Act ("ESA") citizen suit claims are subject to *de novo* review flatly contradicts the law of this Circuit. The D.C. Circuit has squarely ruled that ESA citizen suit claims are not subject to *de novo* review, and there is no dispute that Plaintiffs' declarations and exhibits are outside of the administrative record. *Cabinet Mountains Wilderness v. Peterson*, 685 F.2d 678 (1982). Plaintiffs do not even attempt to show, much less show, that the administrative records are so inadequate so as to frustrate judicial review, nor could they. This Court has already ruled that the agencies' comprehensive administrative records in this case provide an adequate basis to review Plaintiffs' failure to act claims. *Ctr. for Biol. Diversity v. U.S. Off. of Surface Mining Reclamation & Enf't*, No. CV 23 - 3343 (SLS), 2025 WL 1503802 (D.D.C. May 27, 2025) ("*CBD*"). *Cabinet Mountains* and this Court's prior ruling control here and require that Plaintiffs' extra-record materials be stricken.

The Court need proceed no further to grant this motion to strike. Nonetheless, and although this APA record-review case is not subject to *de novo* fact finding and the Federal Rules of Evidence,

Plaintiffs' extra-record materials would be inadmissible under Rules 402, 403, 701, and 802. Generally, the materials Plaintiffs proffer are irrelevant, needlessly cumulative, and a waste of time under Rules 402 and 403. Extra-record testimony regarding extra-record materials that were not before agency decision makers is immaterial to a court's review of agency action and inaction under the APA. This Court has no need for Plaintiffs' members' lay – and self-serving – opinions of the 2020 BiOp and the Surface Mining Control and Reclamation Act ("SMCRA") framework. A "judicial venture outside the record can… never, under *Camp v. Pitts*, examine the propriety of the decision itself." *Envt'l Def. Fund v. Costle*, 657 F.2d 275, 286 (D.C. Cir. 1981). To make matters worse, several of the putative declarants proffer what are, essentially, legal arguments copied and pasted *verbatim* from one declaration to the next under the guise of fact testimony. This proffered testimony also violates Rule 701 because it concerns matters requiring scientific, technical, or other specialized knowledge upon which lay witnesses may not opine. The testimony is also proffered without necessary foundation.

Plaintiffs' attempt to admit a predecisional and deliberative internal U.S. Fish & Wildlife Service ("FWS") email exchange from 2017 – three years before the 2020 BiOp – through the Curry declaration (ECF 42-6) is especially problematic, as the attempt is not only untimely, but flatly contrary to the controlling law of this Circuit. The D.C. Circuit has squarely ruled that predecisional and deliberative materials are immaterial to judicial review under the APA. *Oceana v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019).

As explained more fully below, the Court should strike Plaintiffs' extra-record exhibits and all testimony proffered in the declarations that is not limited to Plaintiffs' standing, as well as the portions of Plaintiffs' summary judgment brief that rely on these impermissible materials. Pursuant to Local Rule 7(m), Defendants conferred with Plaintiffs through counsel, and Plaintiffs oppose this motion.

## II.    Standard of Review

The APA directs that "the court shall review the whole record or those parts of it cited by a party" to determine whether the challenged action or inaction meets the APA's standards. 5 U.S.C. § 706. The Local Rules of this Court recognize that, in cases subject to APA standards, the function of motions for summary judgment is not "to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record." *See* Local Rules 7(e), 7(h)(2); Comment to Local Rule 7(h); *see also Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225 (D.C. Cir. 1993) (in reviewing agency action, the district court "sits as an appellate tribunal, not as a court authorized to determine in a trial-type proceeding whether the Secretary's [action] was factually flawed").

The D.C. Circuit has explained that an administrative record is comprised of those materials that were "before the agency at the time the decision was made." *Envt'l Def. Fund*, 657 F.2d at 284. In a long line of case law, courts in the District of Columbia have further explained that, in preparing an administrative record, "the agency's responsibility [is] to compile for the court all information it considered either directly or indirectly." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) (citation omitted). In compiling its record, the agency should ensure that it does "not include materials that were not considered by agency decisionmakers." *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citations omitted). That is because, "[i]f a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984); *accord Pac. Shores*, 448 F. Supp. 2d at 4 (administrative records are limited to "all documents and materials that the agency 'directly or indirectly considered' .... [and nothing] more nor less") (citation omitted).

Thus, "[m]aterials that were not considered by the agency fall outside the record, even if they exist and may be relevant to the plaintiffs' challenge." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, No. 22-CV-0035 (CRC), 2024 WL 2110141, at *4 (D.D.C. May 10, 2024) (citation omitted). Indeed, the Supreme Court has admonished that "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *accord Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971) (noting that the court must evaluate the decision of the agency based on "the full administrative record that was before the Secretary at the time he made his decision"); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents").

## III.    Argument

### A.  There Is No Basis for Adding Plaintiffs' Extra-Record Declarations and Exhibits to the Administrative Records

Plaintiffs have not filed a motion seeking leave of this Court to submit their extra-record declarations and exhibits, nor have they made any attempt to invoke a judicially recognized exception to administrative record review for completing or supplementing the administrative records. This is for good reason, as the deadline to file a motion to complete or supplement the administrative records passed on October 31, 2024 (ECF 24), and Plaintiffs already tried unsuccessfully to complete and supplement OSM's administrative record. In denying Plaintiffs' motion, this Court held that "[j]udicial review of agency action is generally limited to the administrative record before the agency when it made the challenged decision," and that "Plaintiffs have not justified departing from that general rule, particularly with an administrative record as vast as this one," which is already over 69,500 pages long. *CBD*, 2025 WL 1503802 at *1. Plaintiffs provide no explanation for their failure to seek to complete or supplement the administrative record with the Dodson, Curry, and Hepler exhibits in their motion prior to the deadline, and they have thus waived the issue. *Chandler v. District of Columbia*, Civ. No. 08–

4

1158 (HHK/JMF), 2009 WL 8725113, *2 (D.D.C. Sept. 3, 2009) ("where a party fails to move the Court, whether before or after the relevant deadline has passed, for an extension of time within which to mak[e] the filing, the Court may not entertain that filing. Rather, the Court may, pursuant to Rule 7(b) of the Local Rules of Civil Procedure, 'treat the motion as conceded'").

In short, there is no basis for adding Plaintiffs' extra-record declarations and exhibits to the administrative records.

**B.  There is No Basis for Otherwise Considering Plaintiffs' Extra-Record Declarations and Exhibits Outside of the Administrative Records**

### 1.  Plaintiffs' Claims Are Not Subject to *De Novo* Review

Plaintiffs' entire justification for submitting their extra-record materials is contained in two footnotes, the first of which blithely asserts that the Court may conduct its review based on extra-record materials because "ESA citizen suit claims—particularly regarding ongoing violations, as is the case here—are not limited to the administrative record." ECF 42-1 at 31 n.13.

Plaintiffs featured these same arguments in their failed motion to complete and supplement OSM's administrative record. ECF 25-1 at 1-4, 7-8. While the Court did not reach Plaintiffs' contention regarding ESA citizen suit claims, it squarely rejected Plaintiffs' contention that their claims of agency inaction are not limited to the record. *CBD*, 2025 WL 1503802 at *16-18.

#### a.  This Court Has Already Ruled that Plaintiffs' Failure to Act Claims Are Not Subject to *De Novo* Review

In denying Plaintiffs' motion to complete or supplement OSM's administrative record, this Court noted that "the case law in this District counsels against considering extra-record evidence for agency inaction claims when they are brought alongside agency action claims." *Id.* at 36. The Court was persuaded by the reasoning employed in *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 540 (D.D.C. 2021), where the court rejected the idea that "'the court is confined to the administrative record in determining whether FWS's failure to act was 'per se arbitrary and capricious' . . . but is

permitted to engage in *de novo*, extra-record review to assess whether the processing of their applications was 'unreasonably delayed[.]'" *CBD*, 2025 WL 1503802 at \*17. This Court held that there was no need for extra-record evidence in this case despite Plaintiffs' allegations of agency inaction because "the administrative record is already voluminous." *Id.* The Court further noted the potential for confusion in applying different scopes of review to different claims in the same case. *Id.* at 18.

The Court's ruling is the law of the case and it disposes of Plaintiffs' renewed contention that they may submit extra-record material simply because they allege agency inaction. *Pepper v. United States*, 562 U.S. 476, 506 (2011) (law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" (citation omitted)).

Indeed, this Court's analysis remains apt. Though Plaintiffs fail to develop their request to admit extra-record materials, they are implicitly asking the Court to confine its review of Count III challenging FWS' 2020 BiOp to the administrative record in determining whether that agency action was arbitrary and capricious under APA Section 706(2), but to engage in *de novo* review to determine under that same section of the APA in Counts I and II whether OSM arbitrarily and capriciously relied on the 2020 BiOp and failed to reinitiate ESA Section 7(a)(2) consultation. In fact, Plaintiffs are implicitly asking this Court to parse their claims even further by splitting Count I into different scopes of review for each agency Defendant while, at the same time, applying the same standard of review to the same basic legal theory of violation. This is because Count I may be asserted against OSM only under the ESA's citizen suit provision (and not the APA), whereas the same claim – to the extent it is even actionable against FWS[1] – may be asserted against FWS only under the APA (and not the ESA's

---

[1] FWS cannot have failed to reinitiate ESA consultation as Plaintiffs allege because it has no legal authority to compel another agency to reinitiate consultation. *Defs. of Wildlife v. Flowers*, 414 F.3d 1066, 1070 (9th Cir. 2005); *City of Santa Clarita v. U.S. Dep't of Interior*, No. CV02-00697 DT FMOX, 2006 WL 4743970, at \*15 (C.D. Cal. Jan. 30, 2006), *aff'd*, 226 F. App'x 748 (9th Cir. 2007), *aff'd and opinion withdrawn and superseded on denial of reh'g*, 249 F. App'x 502 (9th Cir. 2007); 51 Fed. Reg. 19926, 19956

citizen suit provision). *Bennett v. Spear*, 520 U.S. 154, 173-74 (1997). Such parsing of record review and *de novo* review by claims and Defendants would be confusing to the point of being practically unworkable, as this Court found. This Court's prior ruling alone justifies striking Plaintiffs' extra-record declarations and exhibits.

### b. The D.C. Circuit Has Ruled that ESA Citizen Suit Claims Are Not Subject to *De Novo* Review

Plaintiffs implicitly ask this Court to transform part of this case into a *de novo* proceeding. *See Kappos v. Hyatt*, 132 S. Ct. 1690, 1696 (2012) (explaining that when a court accepts extra-record evidence it must act as a fact-finder rather than a court of review: "The [agency], no matter how great its authority or expertise, cannot account for evidence that it has never seen. Consequently, the district court must make its own findings de novo and does not act as the 'reviewing court' envisioned by the APA. See 5 U.S.C. § 706.").

The D.C. Circuit's decision in *Cabinet Mountains*, 685 F.2d 678, controls and requires that Plaintiffs' extra-record materials be stricken. In *Cabinet Mountains*, the D.C. Circuit squarely held that ESA citizen suit claims are not subject to *de novo* factfinding. The D.C. Circuit examined at length what standard and scope of review apply to ESA citizen suit claims. There, the appellants argued that their ESA citizen suit claims were subject to *de novo* review. Specifically, they claimed that:

> [T]he District Court erred by refusing to conduct de novo review of the Forest Service's action, and by finding instead that the [APA's] arbitrary and capricious standard was appropriate. . . . . They argue that Congress mandated de novo review under the ESA by including a provision for citizen suits and that the congressional intent to protect endangered species of plants and animals further supports this view.

*Id.* at 684–85 (citation omitted).

---

(June 3, 1986); 84 Fed. Reg. 44976, 44980 (Aug. 27, 2019); Endangered Species Consultation Handbook, at 2-11, 2-5, 4-64 (available at: www.fws.gov/sites/default/files/documents/endangered-species-consultation-handbook.pdf). The extent of FWS' relevant legal duty here would be to *request* reinitiation of consultation. 50 C.F.R. 402.16(a). The complaint includes no claim that FWS has violated a mandatory legal duty to request that OSM reinitiate consultation.

The D.C. Circuit stated that "[w]e find these arguments unpersuasive." *Id.* at 685. The Court pointed to Supreme Court precedent holding that, where "Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that *consideration is to be confined to the administrative record* and that no de novo proceeding may be held." *Id.* (emphasis added) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963); *Consolo v. FMC*, 383 U.S. 607, 618-19 n.17 (1966)). The *Cabinet Mountains* Court found that the ESA is such a statute, noting that the citizen suit provision, "merely provides a right of action to challenge the agency action alleged to be in violation of the Act or to compel agency compliance with the requirements of the Act" and "does not direct trial courts to conduct de novo review in adjudicating such actions." 685 F.2d at 685 (citation omitted). Therefore, the Court held that judicial review under the ESA's citizen suit provision "is governed by" Section 706 of the APA, 5 U.S.C. § 706. *Id.* The Court went on to resolve the plaintiffs' claims based on the administrative record, ruling that the agency action at issue was "reasonable and supported by the record." *Cabinet Mountains*, 685 F.2d at 687. *Cabinet Mountains* and the Supreme Court authority discussed therein are dispositive of Plaintiffs' argument that this Court may engage in *de novo* review of their ESA citizen suit claims.

Indeed, the plain language of the APA does not allow its standard of review to be separated from its scope of review. Section 706 states that reviewing courts shall "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *id.* § (2)(A). In *both* cases, Section 706 expressly directs that, "[i]n making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party." *Id.* § 706. The APA does not provide separate scopes of review for challenges to agency action versus inaction. The APA expressly requires reviewing courts to decide whether an

agency's final action or its failure to act[2] is arbitrary and capricious or not in accordance with law (*i.e.*, to apply the standard of review) based on the agency's administrative record (*i.e.*, under the APA's scope of review).

The APA's command to review agency action based on "the whole record" applies unless a later-enacted statute "expressly" supersedes or modifies that provision. *Id.* §§ 559, 706. The ESA does not expressly supersede or modify that provision of the APA. Indeed, Congress was well aware that it was adopting the APA's judicial review provision when it adopted the House's version of the ESA instead of the Senate's version. *See* H.R. Rep. No. 93-740, at 25 (1973) (Conf. Rep.), *as reprinted in* 1973 U.S.C.C.A.N. 3001, 3003 ("The Senate bill followed in part and differed in part from the otherwise controlling [APA]; the House bill did not discuss the issue and thereby adopted the APA").

Determining the legality of agency action or inaction based on extra-record evidence that agency decision-makers did not consider in relation to the challenged action or inaction would not only contradict the APA's plain language, but its intent to review agency action and inaction fairly, based on neither more nor less information than the agency had. *Heckler*, 749 F.2d at 792; *accord Citizens to Pres. Overton Park*, 401 U.S. at 416-20; *Camp*, 411 U.S. at 142; *Fla. Power & Light Co.*, 470 U.S. at 743-44. Reviewing agency action or inaction based on materials outside of the administrative record inevitably leads to *de novo* review and the trial court impermissibly "'substitut[ing] its views regarding environmental impacts' for those of the agencies which are charged with implementing the ESA.'" *Cabinet Mountains*, 685 F.2d at 685 (citation omitted). In short, as agency decision-makers did not consider Plaintiffs' extra-record declarations and exhibits in relation to the challenged action or inaction, those materials are simply immaterial to this Court's review under the APA.

---

[2] The APA defines "agency action" as including the "failure to act." 5 U.S.C. § 551(13). Thus, the APA's standards apply regardless of whether a claim challenges agency action or alleges a "failure to act" (i.e., a failure to reinitiate consultation).

Remarkably, Plaintiffs fail to mention the controlling law of this Circuit. Plaintiffs cite a lone district court decision from this District, *Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38 (D.D.C. 2018), which does not help their cause. Plaintiffs incorrectly cite *Ross* as standing for the proposition "that claims regarding ongoing violations of the ESA are not limited to the record." ECF 42-1 at 31 n.13. *Ross* stands for no such thing. The *Ross* court expressly cited *Cabinet Mountains* and observed that, "[t]o the extent that Plaintiffs assert that all citizen-suit ESA cases may involve materials outside the administrative record, Defendants are correct that *this is not so* – at least in this Circuit." *Ross*, 349 F. Supp. 3d at 43 (emphasis added). Thus, *Ross* confirms that *Cabinet Mountains* disposes of Plaintiffs' suggestion that their ESA citizen suit claims are not limited to the administrative record.

The *Ross* court allowed discovery not because the ESA citizen suit claims were subject to *de novo* review, but because it found "*Plaintiffs' specific claims*" in that case were distinct from those in *Cabinet Mountains* and required evidentiary showings that the administrative record could not provide. 349 F. Supp. 3d at 43 (emphasis added). In particular, the *Ross* court noted that the plaintiffs sought "an injunction of [] ongoing agency action" based on allegations of unlawful "take" in violation of ESA Section 9. *Id.* at 43, 45. The instant case is markedly different. Here, Plaintiffs have no Section 9 "take" claim and they do not request any injunction of ongoing agency action. Thus, unlike in *Ross*, Plaintiffs' claims here can be resolved on OSM's and FWS' extensive administrative records. Indeed, this Court previously held just that after having reviewed the vast nature of the administrative records that surpassed 69,500 pages. *CBD*, 2025 WL 1503802 at *1. At bottom, *Ross* is inapposite here and, in any event, not binding on this Court.

Ignoring the controlling law of this Circuit and contrary authority from multiple other Circuits,[3] Plaintiffs cite a Ninth Circuit case, *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472,

---

[3] The Fifth, Eighth, and Tenth Circuits have concluded that judicial review of ESA citizen-suit claims is limited to the administrative record in accordance with the APA. *Medina Cnty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010); *Rio Grande Silvery Minnow v. Bureau of Reclamation*,

497 (9th Cir. 2011). As an initial matter, this Court should not consider out-of-Circuit case law when there is controlling authority from the D.C. Circuit. In any case, *Kraayenbrink* does not establish a rule that ESA citizen suit claims are exempt from record review. *See 350 Mont. v. Bernhardt*, 443 F. Supp. 3d 1185, 1201 (D. Mont. 2020) (Judge Donald Molloy, who has heard dozens of ESA cases over nearly 30 years on the bench, noting that he "has consistently concluded that [*Kraayenbrink*] did not eliminate the administrative record limitation in ESA cases") (citation omitted)), *aff'd in part & rev'd in part on other grounds*, *350 Mont. v. Haaland*, 50 F.4th 1254 (9th Cir. 2022); *accord Sierra Club v. McLerran*, No. C11-1759RSL, 2012 WL 5449681, at *2 (W.D. Wash. Nov. 6, 2012); *Pac. Rivers Council v. Shepard*, No. 03:11-CV-442-HU, 2012 WL 950032, at *3 (D. Or. Mar. 20, 2012).

A year after *Kraayenbrink*, an *en banc* panel of the Ninth Circuit confirmed the longstanding principle that an action agency's "compliance with the ESA is reviewed under the Administrative Procedure Act ('APA')." *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, at 1017 (9th Cir. 2012) (citation omitted). In *Karuk Tribe*, the Ninth Circuit found that the same type of failure to act claim under the ESA's citizen suit provision as Plaintiffs assert here presented "a record review case," such that the court could "direct that summary judgment be granted to either party based upon our review of the administrative record." *Id.* (citation omitted). As an *en banc* decision, *Karuk Tribe* is the controlling law of the Circuit. *United States v. Easterday*, 564 F.3d 1004, 1010 (9th Cir. 2009).

And two years after *Karuk Tribe*, the Ninth Circuit admonished a district court for allowing and considering extra-record declarations in an ESA case. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602-04 (9th Cir. 2014); *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 991-96, 999-1000 (9th Cir. 2014). Like Plaintiffs in this case, the plaintiffs in *Jewell* and *Locke* sued the consulting agency to challenge its BiOp under the APA and also asserted ESA citizen-suit claims

---

601 F.3d 1096, 1105 n.3 (10th Cir. 2010); *Newton Cnty. Wildlife Ass'n v. Rogers*, 141 F.3d 803, 808 (8th Cir. 1998).

against the action agency for relying on an allegedly unlawful BiOp. *Jewell*, 747 F.3d at 601, 640; *Locke*, 776 F.3d at 991, 1009. The district court in those cases did not limit its review to the record but instead allowed the admission of multiple extra-record declarations and relied on that testimony to evaluate the agencies' decisionmaking. *Jewell*, 747 F.3d at 603-04; *Locke*, 776 F.3d at 991-93.

In a lengthy discussion, the Ninth Circuit reminded district courts that judicial review of the claims in those cases "is limited to 'the administrative record already in existence, not some new record made initially in the reviewing court.'" *Jewell*, 747 F.3d at 602 (quoting *Camp*, 411 U.S. at 142); *Locke*, 776 F.3d at 992. When it conducted its review of the agency actions at issue, the Ninth Circuit "confine[d] [its] own scope of review to the administrative record, plus that evidence that satisfies the [*Lands Council*] standards." *Jewell*, 747 F.3d at 604; *Locke*, 776 F.3d at 996. Notably, the Ninth Circuit did not differentiate the scope of review between the claims that challenged the consulting agency's BiOp and those claims that challenged the action agency's reliance on the BiOp.

In sum, the D.C. Circuit's decision in *Cabinet Mountains*, 685 F.2d 678, controls here and requires that Plaintiffs' extra-record materials be stricken.

### 2. Plaintiffs' Extra-Record Materials Would Not Be Admissible Under the Federal Rules of Evidence

As explained above, this Court should strike Plaintiffs' extra-record declarations and exhibits under its own ruling (*CBD*, 2025 WL 1503802) and the controlling law of this Circuit, which holds that Plaintiffs' claims are not subject to *de novo* review. The Court may strike the materials on that basis alone and need proceed no further. Although this is not an evidentiary proceeding subject to the Federal Rules of Evidence, even under *de novo* review, Plaintiffs' extra-record materials would be inadmissible under Federal Rules of Evidence 402, 403, 701, and 802.

### a. Dodson Declaration (ECF 42-2) and Exhibits (ECF 42-3, 42-4, and 42-5)

It is evident that Plaintiffs' primary aim of the 19-page Dodson declaration is to admit into evidence an assortment of extra-record enforcement actions taken by the West Virginia regulatory

12

authority under SMCRA (*i.e.*, notices of violation or cessation orders). *See* ECF 42-3, 42-4, & 42-5. Plaintiffs also seek to admit Mr. Dodson's "personal opinion and judgment" (ECF 42-2, ¶ 1) of OSM's oversight of state programs in Virginia, West Virginia, and Kentucky under Title V of SMCRA, and his chronicling of Plaintiffs' April 2023 investigation into certain permits issued by those states.

Simply stated, this testimony and these exhibits are irrelevant, needlessly cumulative, and a waste of time under Federal Rules of Evidence 402 and 403. Under the APA's standard of review, "extra-record evidence will only be considered if it is needed to assist a court's review." *Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150, 157 (D.D.C. 2012). The administrative records already adequately document Plaintiffs' April 2023 allegations as well as OSM's swift investigation and corrective action over two and a half years ago. *See* ECF 43 at 36-40; FWS_0037016-36; OSM_0030878-79, OSM_0031005, 0031021, 0031047, 0031292, 0031307, 0031444-48, 0031449-53, 0031454-58, 0031478-90, 0031506-18, 0031547-548, 0031519-35, 0031702-08, 0031670-76, 0031681-87; 0031702-09, 0031729-32, 0031761-62, 0031824-27. Defendants have not listed the voluminous additional documents included in the record that document communications and meetings between OSM and the state regulatory authorities ("SRAs") about CBD's allegations and the action plans. In short, there is no need for Mr. Dodson's cumulative testimony of these outdated events. ECF 42-2 ¶¶ 21-24, 39.

Nor is there any need for Mr. Dodson's testimony and related exhibits from the West Virginia regulatory authority regarding state-issued enforcement actions under SMCRA on individual mining permits that Plaintiffs' complaint does not challenge and that did not require OSM's involvement. ECF 42-2 ¶¶ 21-24. The exhibits are simply Plaintiffs' cherry-picked collection of so-called "illustrative examples;" various enforcement actions taken by the West Virginia SRA over a five-year period – some of which even predated the 2020 BiOp and others that post-date the agencies' administrative

records.[4] *See* ECF 43 at 39-40. The exhibits themselves show that they did not require OSM's involvement because the violations were issued and cured at the state level. *Id.* In short, the three exhibits to the Dodson declaration and his related testimony are immaterial to this Court's review under APA standards of the claims alleged.

In addition, Mr. Dodson proffers legal and scientific opinions and conclusions on matters requiring scientific, technical, or other specialized knowledge, without proper foundation, including a significant amount of testimony that does not appear to be based on his own observations, contrary to Federal Rule of Evidence 701. This testimony is, in essence, additional argument that violates the page limits of Local Rule 7(e). To make matters worse, Mr. Dodson proffers testimony that essentially duplicates, *verbatim*, testimony from the Curry, Thoma, Young, and Sneed declarations. *Compare* ECF 42-2, ¶ 47 *with* ECF 42-6, ¶¶ 40-41; ECF 42-7, ¶¶ 24-25; ECF 42-8, ¶ 18; ECF 42-9, ¶ 18.

In sum, except for any testimony directly related to Plaintiffs' standing, the Court should strike the Dodson declaration as irrelevant and unnecessarily cumulative under Federal Rules of Evidence 402 and 403, and impermissible lay witness opinion testimony contrary to Federal Rule of Evidence 701. In particular, the Court should strike, at a minimum, the following paragraphs of the Dodson declaration (ECF 42-2): ¶¶ 14-16, 21, 24, 28-43, 46, 49, 50-51, and the extra-record exhibits to Mr. Dodson's declaration: ECF 42-3, 42-4, and 42-5. In addition, the Court should strike the argument from Plaintiffs' motion for summary judgment that relies on the Dodson declaration and exhibits: ECF 42-1 at 11, 33-34.

---

[4] Defendants note that it would be especially prejudicial to consider Plaintiffs' selectively-curated list of documents from the full complement of materials that post-date the administrative records that document implementation of the September 2023 action plans, OSM's continued oversight activities, and the successful resolution of technical assistance on mines throughout Virginia, West Virginia, and Kentucky from that same time period.

### b.  Curry Declaration (ECF 42-6) and Exhibit A (ECF 42-6 at 13-17)

It is evident that Plaintiffs' primary aim of the 12-page Curry declaration is to introduce into evidence an extra-record, internal FWS email exchange from 2017 that Plaintiffs obtained from FWS outside of this litigation through the Freedom of Information Act ("FOIA"). Plaintiffs also seek to introduce Curry's lay opinions of the biological condition of the Guyandotte River and Big Sandy crayfish, the alleged effects of surface coal mining and reclamation activities on those species, and the sufficiency of OSM's oversight of state programs in Virginia, West Virginia, and Kentucky under Title V SMCRA.

Plaintiffs have not proffered Curry as an expert under Federal Rule of Evidence 702, however, but rather as a lay witness testifying "based on my personal experience and my review of publicly available information." ECF 42-6 at ¶ 1. As a lay witness, Curry is not permitted to provide legal and scientific opinions and conclusions on matters requiring scientific, technical, or other specialized knowledge, contrary to the prohibitions of Federal Rule of Evidence 701. In addition, Curry's testimony regarding the biological condition of the Guyandotte River and Big Sandy crayfish and how they are affected by surface coal mining and reclamation activities is unnecessarily cumulative of evidence in the administrative record. *See e.g.*, FWS_20871, 20484, 20424. Even if this testimony did not violate Rule 701, it would be inadmissible as outside the bounds of judicial review under the APA, which prevents Courts from engaging in *de novo* review and a "battle of experts." *Delta Air Lines, Inc. v. Exp.-Imp. Bank of United States*, 85 F. Supp. 3d 387, 425 (D.D.C. 2015) (citing *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989)). Curry also offers opinions without proper foundation, argument that violates the page limits of Local Rule 7(e), and inadmissible hearsay. To make matters worse, Curry proffers testimony that essentially duplicates, *verbatim*, testimony from the Dodson, Thoma, Young, and Sneed declarations. *Compare* ECF 42-3, ¶¶ 40-41 *with* ECF 42-2, ¶ 47; ECF 42-7, ¶¶ 24-25; ECF 42-8, ¶ 18; ECF 42-9, ¶ 18.

15

Curry's proffered testimony regarding review of a FOIA production outside of this litigation and Curry's attempt to introduce an internal FWS email exchange from that extra-record FOIA production (Exhibit A) into this APA case are entirely inappropriate. Initially, Ms. Curry conspicuously fails to disclose when Plaintiffs received Exhibit A from FWS; plainly, it was before the deadline to seek supplementation of the administrative record in this case. Indeed, Plaintiffs have possessed Exhibit A for some *eight years*, as FWS included it in a 2018 FOIA production. Plaintiffs fail to explain why they did not include Exhibit A in their motion to complete and supplement OSM's administrative record. It should be stricken on this basis alone as untimely and unnecessary, contrary to the Court's prior ruling, as well as waived. *CBD*, 2025 WL 1503802; ECF 24. *Chandler*, 2009 WL 8725113 at \*2. Exhibit A is from 2017, three years before FWS issued the 2020 BiOp. Thus, Exhibit A has no probative value regarding OSM's implementation of SMCRA Title V under the 2020 BiOp. It should be stricken for that reason alone. *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 157.

Lastly, Exhibit A is plainly predecisional and deliberative email chatter internal to FWS that is not part of a court's judicial review under the APA. The law of this Circuit is that, "on arbitrary and capricious review [under the APA], absent a showing of bad faith or improper behavior, '[a]gency deliberations not part of the record are deemed immaterial'" and thus irrelevant. *Oceana*, 920 F.3d at 865 (citation omitted). Such materials are neither evidence nor the agency's explanation for its decision.[5] Here, the final decision before the Court is the 2020 BiOp. The 2020 BiOp and the administrative record contains the agency's explanation for its conclusions. Under the APA, this Court

---

[5] Indeed, Exhibit A was released under FOIA, whose "basic policy [is] to encourage the maximum feasible public access to government information." *Nationwide Bldg. Maint. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977); *accord TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) (explaining that FOIA's emphasis is on finding "every scrap of paper that could or might have been created"), *aff'd* 433 F.3d 852 (D.C. Cir. 2006). By stark contrast, "[a]ny evidence of the [agency's] internal deliberative work is irrelevant" for purposes of compiling an administrative record. *Greater Yellowstone Coal. v. Kempthorne*, No. 07–CV–2111, 2008 WL 11398908, \*1 (D.D.C. May 23, 2008); *Norris & Hirshberg v. SEC*, 163 F.2d 689, 693 (D.D.C. 1947) ("internal memoranda made during the decisional process [] are never included in a record").

16

should review the BiOp according to the agency's final explanations and materials included in the administrative record, not predecisional and deliberative internal email chatter from 2017.

Predecisional and internal agency materials are not part of a court's review under the APA any more than documents reflecting a trial court's predecisional deliberations, such as bench memos, other communications between judges and their staff, and draft opinions, are part of an appellate court's review on appeal. It has been blackletter law for nearly a century that, when a court applies the APA's standard of review, it is "not the function of the court to probe the mental processes" of the agency. *United States v. Morgan*, 304 U.S. 1, 18 (1938). To that end, the views of subordinate agency officials are irrelevant under the APA's standard of review. *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658–59 (2007).

For all these reasons, Exhibit A is inadmissible and it should be stricken. The Court also should strike, at a minimum, the following paragraphs from the Curry declaration (ECF 42-6): ¶¶ 9, 13, 16-17, 22-26, 30, 34-42. In addition, the Court should strike the related argument from Plaintiffs' motion for summary judgment: ECF 42-1 at 6, 31.

### c. Thoma Declaration (ECF 42-7)

Generally, the Thoma declaration is irrelevant, needlessly cumulative, and a waste of time under Federal Rules of Evidence 402 and 403, and constitutes improper lay witness testimony in violation of Federal Rule of Evidence 701. Plaintiffs purport to proffer Mr. Thoma's "personal opinion and judgment" as to "facts" that "are personally known" to him (ECF 42-7 at ¶ 1), though he testifies as to his credentials and extra-record publications in the field of crayfish biology. Though he is proffered as a lay witness, he purports to attach a curriculum vitae to his declaration, though one is not, in fact, attached. As a lay witness, Mr. Thoma is not permitted to provide legal and scientific opinions and conclusions on matters requiring scientific, technical, or other specialized knowledge, and yet he proffers his opinions on the biological condition of the Guyandotte River and Big Sandy

17

crayfish, how surface coal mining and reclamation activities allegedly affect those species, and the effectiveness of OSM's oversight of state programs in Virginia, West Virginia, and Kentucky under Title V SMCRA.

Such testimony is not permitted under Rule 701 and it is also irrelevant and a waste of time under Rules 402 and 403 as it is outside the bounds of judicial review under the APA, which limits review to the administrative record provided by the agencies and prevents Courts from engaging in *de novo* review and a "battle of experts." *Delta Air Lines*, 85 F. Supp. 3d at 425; *Marsh*, 490 U.S. at 378. It also is cumulative of evidence in the administrative record and, hence, unnecessary. *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 157. Mr. Thoma's lay opinion of whether "sufficient protections are in place for these species" and whether "the requirements of the ESA are being met in states that have delegated SMCRA programs, such as in Virginia, West Virginia, and Kentucky" (ECF 42-7 ¶ 23-24) violates Rules 701, 402, and 403 for the same reasons. To make matters worse, Mr. Thoma proffers testimony that essentially duplicates, *verbatim*, testimony from the Dodson, Curry, Young, and Sneed declarations. *Compare* ECF 42-7, ¶¶ 24-25 *with* ECF 42-2, ¶ 47; ECF 42-6, ¶¶ 40-41; ECF 42-8, ¶ 18 *and* ECF 42-9, ¶ 18. This testimony is essentially legal argument in violation of Federal Rules of Evidence 402, 403, and 701 and the page limits of Local Rule 7(e).

For these reasons, the Court should strike, at a minimum, the following paragraphs from the Thoma declaration (ECF 42-7): ¶¶ 10-11, 21, 23-26.

### d.  Young Declaration (ECF 42-8)

Generally, the Young declaration is irrelevant, needlessly cumulative, and a waste of time under Federal Rules of Evidence 402 and 403, and constitutes improper lay witness testimony in violation of Federal Rule of Evidence 701. Plaintiffs do not proffer Mr. Young as an expert under Federal Rule of Evidence 702 and yet he proffers legal and scientific opinions and conclusions on matters requiring scientific, technical, or other specialized knowledge, without proper foundation, such as whether

"[c]oal mining in the Big Sandy basin and its tributary watersheds degrades water quality and habitat" and whether "the 2020 Biological Opinion fails to ensure that the requirements of the ESA are being met in states that have delegated SMCRA programs, such as in West Virginia and Kentucky." ECF 42-8, ¶¶ 9, 18. This proffered testimony is inadmissible under Federal Rule of Evidence 701 as well as immaterial under the APA and cumulative of Plaintiffs' legal arguments in their summary judgment motion, in violation of Federal Rules of Evidence 402 and 403 and the page limits of Local Rule 7(e). *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 157. Indeed, Mr. Young proffers testimony that essentially duplicates, *verbatim*, testimony from the Dodson, Curry, Thoma, and Sneed declarations. *Compare* ECF 42-8, ¶ 18 *with* ECF 42-2, ¶ 47; ECF 42-6, ¶¶ 40-41; ECF 42-7, ¶¶ 24-25; ECF 42-9, ¶ 18.

Mr. Young's testimony regarding a West Virginia mine's alleged noncompliance with the Clean Water Act under supervision from the U.S. Army Corps of Engineers (ECF 42-8, ¶ 15) that is not at issue in this case is also irrelevant and a waste of time contrary to Rules 402 and 403.

For these reasons, the Court should strike, at a minimum, the following paragraphs from the Young declaration (ECF 42-8): ¶¶ 9-10, 14-18, 20.

### e. Sneed Declaration (ECF 42-9)

The Sneed declaration appears mostly aimed at standing, though it veers off course into Sneed's inadmissible "personal opinion and judgment" on matters such as whether the 2020 BiOp "ensure[s] that the requirements of the ESA are being met in states that have delegated SMCRA programs, such as in Kentucky," and Sneed's "understanding" of the workings of ESA Sections 7 and 10 and the technical assistance process under SMCRA. ECF 42-9 at ¶¶ 1, 18. Sneed's lay opinions on these subjects and whether the 2020 BiOp is adequate to "ensure against jeopardy" (ECF 42-9 ¶ 18) violate Federal Rule of Evidence 701 and are irrelevant and a waste of time in violation of Federal Rules of Evidence 402, and 403. *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 157. Sneed is not proffered as an expert and thus may not proffer legal and scientific opinions and conclusions on matters requiring

19

scientific, technical, or other specialized knowledge, especially without proper foundation. Sneed also proffers testimony that essentially duplicates, *verbatim*, testimony from the Dodson, Curry, Young, and Thoma declarations. *Compare* ECF 42-9, ¶ 18 *with* ECF 42-2, ¶ 47; ECF 42-6, ¶¶ 40-41; ECF 42-7, ¶¶ 24-25; ECF 42-8 ¶ 18. This testimony is essentially legal argument in violation of Federal Rules of Evidence 402, 403, and 701 and the page limits of Local Rule 7(e).

For these reasons, the Court should strike, at a minimum, the following paragraphs from the Sneed declaration (ECF 42-9): ¶¶ 16-18.

### f.    Hepler Declaration (ECF 42-10) and Exhibits (ECF 42-10 at 4-6)

Plaintiffs proffer the Hepler declaration to admit three extra-record maps he created using "Arcgis Pro, an industry standard geographic information system software platform." ECF 42-10, ¶ 4. Mr. Hepler testifies that the maps are intended to provide "examples of mines at issue in this litigation and their proximity to designated critical habitat for protected crayfish species." *Id.* ¶ 3. These "examples" are irrelevant and a waste of time in this case, which does not challenge the identified mining permits or otherwise require this Court to determine the proximity of these mines to designated critical habitat for protected crayfish species. *Id.* These newly-minted maps were not considered by agency decision makers and therefore are simply immaterial under the APA and cumulative of evidence in the record, in violation of Federal Rules of Evidence 402 and 403. *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 157. The Court should strike the Hepler declaration and its three exhibits in their entirety, along with related argument from Plaintiffs' motion for summary judgment: ECF 42-1 at 33-34.

### 3.    Plaintiffs' Extra-Record Exhibits Are Not Subject to Judicial Notice

In a last-ditch effort to have the Court consider the exhibits to the Dodson and Curry declarations, Plaintiffs incorrectly assert that the Court may take judicial notice of them under Federal Rule of Evidence 201. ECF 42-1 at 31 n.13, 33 n.14. As an initial matter, Plaintiffs waived this issue

by failing to raise it prior to the deadline for completing or supplementing the administrative records. *Chandler*, 2009 WL 8725113 at *2.

Regardless, "[j]udicial notice is 'typically an inadequate mechanism' for a court to consider extra-record evidence in reviewing an agency action." *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 172 (D.D.C. 2014) (citing *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 32 n.14 (D.D.C. 2013)), *aff'd Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015). A court "may only consider an adjudicative fact subject to judicial notice that is *not* part of the administrative record if it qualifies for supplementation as extra-record evidence under" *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). *Id.* (citations omitted). In *Silver State*, the court denied the plaintiff's request to take judicial notice of a state court order dismissing fraud claims against the plaintiff – which the plaintiff contended was "the type of official government document frequently accorded judicial notice" – because there were no grounds to supplement the administrative record with the order and case law "counsels against taking judicial notice of the Nevada Order as an end-run around the standards for supplementing the administrative record." 59 F. Supp. 3d at 171-72.

This analysis is directly on point here, where there is no basis for supplementing the administrative record. *Supra* § III.A. As such, there is no basis for taking judicial notice of Plaintiffs' exhibits. The Court should deny Plaintiffs' attempt to use judicial notice as an end-run around this Court's prior ruling, the Court's Scheduling Order, and the standards for supplementing the administrative record.

## IV.    Conclusion

For these reasons, the Court should strike all extra-record exhibits submitted with Plaintiffs' declarations, all proffered testimony that is not limited to Plaintiffs' standing, and associated argument from Plaintiffs' motion for summary judgment, as follows:

21

(1)     Dodson declaration (ECF 42-2): ¶¶ 14-16, 21, 24, 28-43, 46, 49, 50-51, and exhibits thereto: ECF 42-3, 42-4, & 42-5. Additionally, the Court should strike the argument from Plaintiffs' motion for summary judgment that relies on the Dodson declaration and exhibits: ECF 42-1 at 11, 33-34.

(2)     Curry declaration (ECF 42-6): ¶¶ 9, 13, 16-17, 22-26, 30, 34-42 and exhibit thereto. In addition, the Court should strike the argument from Plaintiffs' motion for summary judgment that relies on the Dodson declaration and exhibits: ECF 42-1 at 6, 31.

(3)     Thoma declaration (ECF 42-7): ¶¶ 10-11, 21, 23-26.

(4)     Young declaration (ECF 42-8): ¶¶ 9-10, 14-18, 20.

(5)     Sneed declaration (ECF 42-9): ¶¶ 16-18.

(6)     Hepler declaration: entire declaration and exhibit (ECF 42-10) and related argument from Plaintiffs' motion for summary judgment: ECF 42-1 at 33-34.

Dated: March 25, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

/s/ *Robert P. Williams*
ROBERT P. WILLIAMS
Sr. Trial Attorney (SBN 474730 (DC))
U.S. Department of Justice
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3101
Email: robert.p.williams@usdoj.gov

*Attorneys for Defendants*

22